# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1574 | **DATE** | 1/15/2002 |
| **CASE TITLE** | MARK HANSON vs. PRAIRIE MATERIAL SALES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendant's bill of costs is granted in part and denied in part. Defendant is awarded a total of $1,717.40 in costs ($1,524.00 + $193.40).
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 1 6 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 27 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | 02 JAN 15 PM 6:02 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK HANSON,

    Plaintiff,

v.

PRAIRIE MATERIAL SALES, INC.,

    Defendant.

Case No. 00 C 1574

Hon. John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mark Hanson ("Hanson"), sued Defendant, Prairie Material Sales, Inc. ("Prairie"), for alleged unlawful discharge. Summary judgment was granted in favor of Prairie, and judgment was entered in favor of Prairie. Prairie has filed a bill of costs.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. A losing party may overcome this presumption by a showing of indigence. *McGill v. Faulkner*, 18 F.3d 456, 457 (7th

Cir. 1994). However, actual indigence, not merely limited financial resources, must be demonstrated. *Craven v. City of Chicago*, No. 97 C 8845, 2001 WL 62573 (N.D. Ill. Jan. 25, 2001); *Falcon v. City of Chicago*, No. 98 C 4028, 2000 WL 1231403 (N.D. Ill. Aug. 28, 2000). Costs may also be denied if the prevailing party engaged in misconduct that is worthy of a penalty. *Weeks*, 126 F.3d at 945.

Hanson argues that costs should not be awarded because he cannot afford to pay them. In support of his argument, Hanson states that he supports two families and often works thirteen hours a day to make ends meet. However, Hanson did not supply a current affidavit identifying his current income or assets. Accordingly, Hanson has failed to demonstrate actual indigence and his inability to pay costs now or in the future. *See Craven*, 2001 WL 62573 at * 1; *Falcon*, 2000 WL 1231403 at * 1.

Prairie initially sought $2,065.35 for deposition transcripts of Hanson and two key decision-makers in the case, Anthony Scott and Michael Borjas. This amount included the cost of the reporter's time, an expedited transcript and a mini-transcript. Hanson objected for two reasons: (1) Prairie did not explain why it required expedited transcripts and (2) Prairie did not compute the costs at the rate charged by federal court reporters as set by the Judicial Conference. Prairie voluntarily reduced its court reporter's rate to the rate set by the Judicial Conference but did not explain why an expedited transcript or a mini-transcript was necessary and reduced its request to $1,524.00, the cost of transcripts at the standard rate.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7

F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.00 as the rate per page for an original transcript and $4.00 per page for each expedited copy.

Since Prairie does not explain why expedited transcripts were necessary, such fees will not be allowed. Accordingly, the Court will allow the deposition transcripts at the standard rate of $3.00 per page. The Court awards Prairie $1,524.00 (508 pages at $3.00 per page) for deposition transcripts.

Prairie also sought $295.60 for duplicating costs. The duplicating costs include three copies of 456 pages of pleadings and motions and two copies of fifty-five pages of discovery materials at a rate of $0.20 per page. Hanson objects to the entire amount because the "photocopying was excessive or permitted to page per rate" and Prairie did not make a detailed explanation that the papers were necessarily obtained for use in the case.

The pleadings and motions were "necessarily obtained for use in the case" and require no detailed explanation. Moreover, the discovery materials consisted of notices of depositions, Prairie's first set of interrogatories and its first request for production of documents. Likewise, these copies were also "necessarily obtained for use in the case" and require no detailed explanation.

A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). Prairie does not explain why there are additional copies of the pleadings, motions and discovery materials. Therefore, Prairie will be permitted two copies of all the pleadings and motions, and one copy of all the discovery materials itemized in Schedule B.

A charge of $0.20 per page has been found to be reasonable by the courts. *See, e.g., Kateeb v. Dominick's Finer Foods, Inc.*, No. 96 C 1229, 1997 WL 630185, at *1 (N.D. Ill. Sept. 30, 1997).

Accordingly, the Court awards defendant $182.40 for photocopying costs for copies of pleadings and motions (456 pages x 2 copies x $0.20) and $11.00 for copies of discovery materials (55 pages x 1 copy x $0.20) – totaling $193.40.

For the reasons stated above, and absent any facts supporting a determination that Hanson is indigent, Defendant's Bill of Costs is granted in part and denied in part. Defendant is awarded a total of $1,717.40 in costs ($1,524.00 + $193.40).

Dated: January 15, 2002

JOHN W. DARRAH
United States District Judge